**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dorothy Jackson, Individually, and as Guardian ad Litem for Jordan B., a minor under the age of eighteen (18) years, Appellant,

v.

Allen Clack and Claudia Dean, Defendants,

Of whom Claudia Dean is Respondent.

Appellate Case No. 2018-001908

―――――――――

Appeal From Chester County
John C. Hayes, III, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2020-UP-213
Submitted June 1, 2020 – Filed July 8, 2020

―――――――――

**AFFIRMED**

―――――――――

Paige B. George and Barry B. George, both of the Law Office of Barry B. George, of Columbia, for Appellant.

George Verner Hanna, IV, of Howser Newman & Besley, LLC, of Columbia, for Respondent.

―――――――――

**PER CURIAM:**  Dorothy Jackson, individually, and as the Guardian ad Litem for Jordan B., a minor under the age of eighteen years old, appeals the circuit court's order granting Claudia Dean's motion for summary judgment, arguing the circuit court erred in granting summary judgment because (1) she established a genuine issue of material fact as to Dean's negligence and (2) discovery was incomplete. We affirm.[1]

1.  We hold the circuit court did not err in granting Dean's motion for summary judgment because the record shows Jackson failed to present any evidence from which a jury could find that Dean proximately caused Jordan's injuries.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438-39 (2003) ("In reviewing the grant of a summary judgment motion, the [appellate court] applies the same standard as the trial court under Rule 56(c), SCRCP . . . ."); Rule 56(c), SCRCP (stating summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Grimsley v. S.C. Law Enf't Div.*, 415 S.C. 33, 40, 780 S.E.2d 897, 900 (2015) ("In determining whether any triable issue of fact exists, the evidence and all inferences which can *reasonably* be drawn therefrom must be viewed in the light most favorable to the nonmoving party." (quoting *Quail Hill, LLC v. County of Richland*, 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010))); *Wright v. PRG Real Estate Mgmt., Inc.*, 426 S.C. 202, 222, 826 S.E.2d 285, 295 (2019) ("Negligence is not actionable unless it is a proximate cause of the injury." (quoting *Bishop v. Dep't of Mental Health*, 331 S.C. 79, 88, 502 S.E.2d 78, 83 (1998))); *Bishop*, 331 S.C. at 88, 502 S.E.2d at 83 ("Proximate cause requires proof of both causation in fact and legal cause."); *id.* ("Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence."); *Wright*, 426 S.C. at 222, 826 S.E.2d at 296 ("Legal cause is established by showing foreseeability."); *Singleton v. Sherer*, 377 S.C. 185, 204, 659 S.E.2d 196, 206 (Ct. App. 2008) ("Foreseeability is determined . . . by establishing the injury in question occurred as a natural and probable consequence of the defendant's negligence." (quoting *Vinson v. Hartley*, 324 S.C. 389, 400, 477 S.E.2d 715, 721 (Ct. App. 1996))).[2]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] As for the admissibility of Jordan's hearsay deposition testimony under a hearsay exception, we find this issue is not preserved for appellate review because Jackson raised this issue for the first time in her second Rule 59(e), SCRCP, motion to reconsider.  *See Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004) (stating an issue raised for the first time in a motion to reconsider is not preserved if the issue could have been raised prior to judgment).

2.  We hold whether the circuit court erred in granting summary judgment because discovery was incomplete is not preserved for appellate review because Jackson raised this issue for the first time in her second Rule 59(e), SCRCP, motion to reconsider.  *See Kiawah*, 359 S.C. at 113, 597 S.E.2d at 149 (stating an issue raised for the first time in a motion to reconsider is not preserved if the issue could have been raised prior to judgment).

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**